T. M. CLARK v. OLA A. BENTON, by guardian, and CATHERINE E. BENTON.

(Decided March 21, 1899).

*Construction of Will—Posthumous Child.*

Where, by will of their father. two children, *in esse*, were to take upon a contingency, which failed to occur, a posthumous child, who was to share equally with them, will be precluded also.

PETITION FOR PARTITION of land transferred from the Clerk of Superior Court of IREDELL County and heard at May Term, 1898, by *McIver, J.*

This case, like the preceding one, involved the construction of the will of Alexander Clark. His Honor decided that Catherine E. Benton was sole owner. The plaintiff excepted and appealed.

The opinion states the circumstances of the case.

*Messrs. Armfield & Turner* and *L. C. Caldwell,* for appellant.

*Mr. J. B. Connelly,* for appellee.

CLARK, J. This is also a petition for partition and involves the construction of the third item of the will of Alexander Clark, deceased, but the parties are different from the preceding case, in that herein T. M. Clark alone is plaintiff, and Ola A. Benton (with her guardian) and Catherine E. Benton are defendants.

Item 3 is as follows: "I will and bequeath unto my son Alexander Clark, as trustee, and in trust to the use of my two daughters Catherine E. and Margaret A., equally, the lower end of my land, as follows: Beginning at the river bank (here follow the boundaries), said land to be equally divided when Catherine becomes of age and she receives her part, and in case either should die before coming of age, then the other is to receive her part; and in case both should die before coming of age, then said land to go to my two daughters Minne E. and Alice R., and in case my wife should be in a family way at present, and have a living child, then it to receive its proportionable part of the above lands."

1. It was admitted that Alexander Clark died in the month

CLARK *v.* BENTON *et al.*

of August, 1869, and that Troy M. Clark was twenty-six years of age at the commencement of this action and is the posthemous son of Alexander Clark, the testator, and that he was born in a few months after the death of the testator and that he is the person mentioned in the third paragraph of the will.

2. It was admited that Margaret A. Clark died before she was twenty-one years old and without issue.

3. It was admitted that Catherine E. Clark is now the wife of W. O. Benton and is living.

4. It was admitted that Alice R. Clark died, leaving the defendant Ola Benton as her only child and heir-at-law, and that the said Alice R. Clark was the first wife of W. O. Benton.

5. It was admitted by the parties that Minnie Clark is still living.

. 6. It was admitted that the land described in the third paragraph of the will and in the petition is the land sought to be partitioned.

It was in evidence that the rents of said land were received by Margaret and Catherine till the death of the former, and since then Catherine had received the rents till the trial.

The plaintiff claimed to be the owner of one-half interest in the land embraced in Item 3 above set out, as tenant in common with Ola Benton, who answered, claiming sole seisin in herself; and Catherine E. Benton, having been made a party defendant, filed an answer setting up sole seisin and ownership for herself. Upon issues submitted as to the interest of each of the respective parties, the Court instructed the jury that upon the above admissions they should find that Catherine E. Benton was sole owner. The plaintiff, Troy M. Clark, excepted. The instruction of his Honor was certainly correct in excluding Ola Benton from any in-

terest in said land.   This Item 3 gives the land jointly to
Margaret and Catherine, to be equally divided when Catherine becomes of age, and adds, "in case either should die
berore coming of age, then the other is to receive her part."
It being admitted that Margaret died before she was twenty-
one years old, then the whole vested in Catherine, who is
living and of full age, and the contingency, upon which any
interest could devolve upon Alice, through whom her daughter Ola Benton claims, has failed.   The sole question admitting of debate is, whether Troy M. Clark has any interest
in said land.   We think not, for the devise is, first to Catherine and Margaret, second, if either die before becoming of
age then the whole to the survivor, and third, if both die
before coming of age then to Minnie and Alice, and then in
that event there is added, "and in case" there is a posthumous child, it is to have its proportionable part.   Taking
the second and fourth items of the will, as set out in the preceding case, it seems to have been the intent of the testator
(which we are seeking for and wish to effectuate) to give the
posthumous child an equal share with Minnie and Alice in
the property given in the fourth clause, an equal share in
the property in the second item which might devolve upon
them by the death without issue of Mary, and now in like
manner an equal share with Minnie and Alice should the
property given in the third item devolve upon them by the
contingency of the death of both Catherine and Margaret
before coming of age.

The plaintiff's contention would destroy that equality between him and Minnie and Alice, by giving him one-half of
the tract in Item 3, wherein they get nothing, and if both
Margaret and Catherine had died before coming of age,
would have cast the *whole upon him,* thereby defeating entirely the devise over to Minnie and Alice.

We think his Honor correctly held that the participation

of the plaintiff was contingent, as in regard to the property in the second item, upon its devolving upon Minnie and Alice.

Affirmed.